## OSCAR B. ELAM, Appellant, v. JAMES CHARLES BOND, Respondent.

Springfield Court of Appeals, March 3, 1913.

1. ATTORNEY'S LIEN: To What it Attaches. Sec. 964, R. S. 1909, which gives an attorney a lien upon his client's cause of action, which attaches to a verdict in client's favor and the proceeds thereof in whose-so-ever hands they may come and which a settlement cannot affect, does not comprehend the client's distributive share of an estate fixed by law, which is not acquired by the client as the result of a suit brought by the

attorney or a compromise effected by him. Such interest having been sold by the client to a third party, cannot be recovered by the attorney under a contract with the client, an heir, to bring the necessary actions to recover her interest in an estate.

2. ADMINISTRATOR: Action Against for Distribution: Premature Before Final Settlement. Before final settlement or order of distribution an action cannot be maintained against an administrator in his representative capacity for a distributive share. Such action would be premature.

3. ADMINISTRATOR: Action Against in Individual Capacity. In an action against an administrator in his individual capacity for damages for obtaining from an heir an interest in an estate, which plaintiff, an attorney, claimed to be entitled to by virtue of a contract with the heir, there could be no recovery because there was no order of distribution or payment to the administrator, in his individual capacity, of the heir's interest.

4. SETTLEMENT OF ESTATE: Heir's Interest: Cannot Be Determined by First Settlement. The interest that an heir had in an estate at the time of the first annual settlement furnishes no evidence as to what that interest would amount to after final settlement and on order of distribution.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*Oscar B. Elam* for appellant.

(1) Sec. 964, R. S. 1909, was enacted for the protection of just such rights as plaintiff asserts in the action at bar. Smooth v. Shy, —— Mo. App. ——, 139 S. W. 239; Wait v. Railroad, 204 Mo. 491. (2) The defendants were parties to the act of Sarah Shockley which deprived plaintiff of his opporunity to perform his contract with Sarah Shockley under circumstances making them liable to plaintiff for his loss of profits under that contract. The lost profits is the measure of damages. Kersey v. Garton, 77 Mo. 645; Kemp v. School District, 84 Mo. App. 680; Pound v. Wyman, 15 Mo. 175; Simpson v. Ball, 145 Mo. App. 268. (3) The general denial and plea of payment are inconsistent

defenses and are not permissible as against one and the same cause of action. Sheppars v. Starret, 35 Mo. 367; May v. Burk, 80 Mo. 679. (4) If an attorney is prevented by his client from completing his employment he will be entitled to receive his fees as if the contract was fully performed. Kersey v. Gaston, 77 Mo. 645; McElhiney v. Kline, 6 Mo. App. 94; Reynolds v. Clark Co., 162 Mo. 680. (5) The general denial does not raise an issue where it is followed by a special plea of confession and avoidance. Whatwell v. Aurora, 139 Mo. App. 602.

*McNatt & McNatt* for respondent.

(1) Before an attorney can enforce his claim against one not his client he must show that his contract is one under the attorneys' lien statute, and not merely an assignment of an undivided interest in his client's claim against an estate. Bland v. Robinson, 148 Mo. App. 164. (2) The petition being based upon an assignment of an undivided one-half interest in an heir's estate, and tried upon that theory, the plaintiff cannot recover, as an assignment of a chose in action of a part cannot be made without the consent of the obligator or debtor. Burnett v. Crandall, 63 Mo. 410; Bland v. Robinson, supra. (3) The agreement with the plaintiff and his client being an assignment of an undivided one-half interest of an estate, no suit or action for the recovery thereof could be brought until the probate court had made an order of final distribution, for without such order it would be impossible to determine the amount coming to Mrs. Shockley, and the plaintiff could have no greater right than did his assignor. At the time this suit was brought, the estate was in process of administration and the two years had not elapsed for a final settlement. Clarke v. Sinks, 144 Mo. 448; McDowell v. Orphan School, 87 Mo. 386; State v. Fulton, 35 Mo. 323. (4) The suit of

Sarah Shockley v. J. C. Bond, not being one to recover personal property of the estate of B. W. Bond, deceased, did not give the defendants any notice of the contract of assignment; in fact such suit itself would have been premature, as the circuit court could not have given her any judgment for her distributive share of the personal property, as no distribution of the estate was made by the probate court; and the claim of the personal estate was never denied Mrs. Shockley. Clarke v. Sinks, 144 Mo. 488; Bank v. Hoppe, 132 Mo. App. 440.

STATEMENT.—This case is here on the plaintiff's appeal from a judgment rendered in the circuit court of Lawrence county.

In the trial of the case, defendant offered a demurrer to the evidence at the close of plaintiff's evidence in chief, which was by the court overruled. At the close of all the evidence in the case, the plaintiff requested and the court refused to give the following instructions:

"1. The court instructs the jury that under the pleadings and the evidence you will find the issues for the plaintiff."

"2. The court instructs the jury that you will assess the damages of the plaintiff at one-half of the value of the share of Sarah Elizabeth Shockley in the personal estate of Benjamin W. Bond, deceased, on August 17, 1911, to-wit, $125, less such, if any sum or sums, as you may believe and find from the evidence he was paid in excess of his disbursements, if any, in the case mentioned in evidence wherein Sarah Shockley was plaintiff and James Charles Bond and others were defendants."

At the instance of the defendant the court gave the following instruction:

"The court instructs the jury that under the law,

the pleadings and the evidence, your verdict should be for the defendant.''

The verdict was returned accordingly and a judgment was rendered thereon for the defendant.

The plaintiff, an attorney at law, filed his petition in his own behalf. The statement of the case appering in his brief in this court is so fairly set out that we will largely adopt it in the opinion.

Plaintiff seeks to recover under section 964, Revised Statutes 1909, commonly called the first section of the attorneys' lien act, which is as follows:

"Sec. 964. *Compensation of attorney governed by agreement—made a lien upon client's cause of action.*—The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.''

In January, 1910, the plaintiff entered into the following written agreement:

"This January 31, A. D. 1910, the undersigned, Sarah Elizabeth Shockley, wife of S. S. Shockley, and daughter and heir-at-law of Benjamin W. Bond, lately deceased, of Lawrence county, Missouri, hereby employs Oscor B. Elam as her attorney at law to ascertain and determine what are the rights of the undersigned in and to the estate of the said deceased and to get the same for her, and in carrying out the purposes of said employment to institute and prosecute to a conclusion any and all such suits and actions at law or in equity as shall in the judgment of her said attorney seem expedient, and in consideration of the said em-

ployment the said undersigned undertakes and agrees
to share equally with said attorney all that portion
of said estate which shall accrue to the undersigned
so that said attorney shall receive for his said services
rendered and to be rendered fifty per cent of the said
share of the said estate.

"IN WITNESS WHEREOF, the said Sarah
Elizabeth Shockley and her said husband have here-
unto set their hands the day and year first above writ-
ten

"SARAH ELIZABETH SHOCKLEY,
"S. S. SHOCKLEY.

"Accepted:
"Oscar B. Elam."

Plaintiff brought this action against the defend-
ant James Charles Bond as an individual, and as ad-
ministrator of the estate of Benjamin W. Bond, de-
ceased. James Charles Bond was codefendant with
other heirs of Benjamin W. Bond in an action wherein
Sarah Elizabeth Shockley was the plaintiff, in which
the plaintiff herein was her attorney of record. The
judgment in that case was in favor of the defendants
and was rendered some time prior to January 23,
1911. The court in that case dismissed the cause on
account of the failure of the plaintiff .therein to give
security for costs, and no final judgment was in fact
ever rendered in the case. A motion for a new trial
was filed, however, on January 23. 1911, and by agree-
ment the cause was continued until the September
term, 1911, at which term—on October 7, 1911—the
motion for a new trial was overruled, and no further
steps are shown to have been taken in that litigation.
On the seventeenth day of August, 1911, Sarah Eliza-
beth Shockley and the defendant James Charles Bond
had some negotiations without the knowledge or con-
sent of the plaintiff herein, her attorney, and on that
day she made the following written assignment to said
defendant:

"Aurora, Mo., Aug. 17, 1911.

"This is to evidence that for value received I have this day sold, assigned and set over to J. C. Bond all my rights and interest in and to the personal estate of B. W. Bond, deceased, now in process of administration in the probate court of Lawrence county, Missouri, being the portion of my distributive share in the personal property that may be found to be due me by the probate court, and I hereby authorize the administrator of said estate to pay said amount to J. C. Bond and accept his receipt therefor.

"SARAH SHOCKLEY."

## OPINION.

FARRINGTON, J.—The plaintiff in this case alleged and proved that he received nothing for his services in the litigation referred to. He brought this action alleging that by Sarah Elizabeth Shockley's assignment of her interest in the estate to the defendant, he, the plaintiff, was deforced of his lien as an attorney, and that by reason thereof he was damaged in the sum of one thousand dollars for which he prayed judgment.

Benjamin W. Bond made his will on December 20, 1890, and died in December, 1909. By his will he specifically devised and bequeathed all his property, but omitted to insert a residuary clause. He bequeathed to Sarah Elizabeth Shockley, his daughter, five dollars. At his death, the estate included, among other things, in personalty that was not disposed of by the will, about twenty-two hundred dollars. The notice of letters of administration were published by the defendant herein—who was appointed administrator with the will annexed—on December 24, 1909. The first annual settlement showed the balance in the hands of the administrator on February 15, 1911, after deducting the widow's share, etc., to be $1520.77. The

record does not show when the suit now under consideration was filed but does show that an amended petition was filed on January 24, 1912, and the judgment was rendered on January 26, 1912. Hence the suit was filed before any final settlement was made by the defendant as administrator; besides, the record fails to disclose any final settlement or any order of distribution of the estate of Benjamin W. Bond.

It is conceded that Sarah Elizabeth Shockley's interest in the property undisposed of would be one-sixth of any sum remaining in the hands of the administrator after satisfying all devises and bequests and costs and expenses.

There is no charge in the petition nor any intimation in the evidence that there was any fraud or collusion between Sarah Elizabeth Shockley and the defendant to defeat this plaintiff in any rights that he might have, or that she received anything in consideration of failing to appeal her suit against defendant and other heirs of her father's estate.

It is contended by counsel that the storm-center of this case is whether the contract of employment is one that falls within the section of the statute referred to or is a straight assignment of an undivided one-half interest in and to Sarah Elizabeth Shockley's share in the estate in course of administration. As we view the case, it makes no difference whether it is a contract protected by the statute, or an assignment, for the reason that the amount sought to be recovered in this case is in no wise affected or included in the litigation instituted by plaintiff for Sarah Elizabeth Shockley. It is a sum which the law fixes as her distributive share of the estate and is not acquired by her as the result—either in a suit or by compromise—of the case brought by the plaintiff herein for her against the other heirs. For that reason we do not believe the plaintiff has any standing in court in this case.

To begin with, he has sued the defendant as an individual and as administrator, and without decid·ing whether there could be such a joinder in a suit for damages, there is nothing whatever in the record that could hold the administrator in this action on any theory, there being no final settlement or order of distribution shown, so that as to him in his representative capacity the suit is premature. As to him in his individual capacity, he is sued for damages for obtaining something which plaintiff claims he (plaintiff) was entitled to, but the evidence does not support this theory for the reason that the defendant as an individual had not received Sarah Elizabeth Shockley's interest in the estate because there was no order of distribution or any payment to him as an individual of her interest. On the other hand, if he attempts to enforce his contract, whether an assignment or not, under the attorneys' lien statute, then he would be entitled to sue the defendant for one-half of the sum paid for Sarah Elizabeth Shockley's interest, *provided* he had given the notice required by said act—which was not done. He seems to have taken the latter course, but nowhere in the record do we find the question asked or the answer given as to the amount the defendant paid to Sarah Elizabeth Shockley for her interest in the estate. Plaintiff did attempt to show what her interest in the property would be, presumably on the theory that that would fix his measure of damages, but that showing is based on the first annual settlement, which of course furnished no evidence as to what her interest would amount to after final settlement and an order of distribution.

We are of the opinion that the trial court committed no error, and the judgment is accordingly affirmed. All concur.